# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE J. AYALA, JR.** on behalf of
himself and as representative of
other class members similarly
situated,

**PUTATIVE COLLECTIVE CLASS
ACTION LAWSUIT**

**Plaintiffs,**

**v.**

**APR AUTOMOTIVE, INC.,
d/b/a REED NISSAN CLERMONT,**

**Defendant.**

_____/

## COLLECTIVE ACTION COMPLAINT

The above-named individual plaintiff brings this collective action lawsuit (individually and on behalf of others similarly situated) against APR Automotive, Inc., d/b/a Reed Nissan Clermont ("_Reed Nissan_"), and alleges, upon personal information and knowledge as to their own actions, their counsel's investigation and upon information and good faith belief as to all other matters, the following:

## I.    NATURE OF THIS ACTION

1.    Lead Plaintiff, individually and on behalf of others similarly situated, file this lawsuit in response to Reed Nissan's pattern and practice of refusing to pay them wages lawfully earned in performing their job responsibilities, which includes paying each of them at the federal minimum wage standards, paying for overtime, failing to reimburse them for tools, and other materials purchased by them to perform their job responsibilities for their employer, among other violations of Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 (the "*FLSA*").

2.    Lead Plaintiff, like every individual that could opt to participate in this collective action, was not paid all compensation due him, including minimum wages, overtime wages, and other compensation lawfully due him, for multiple weeks during the statutory period, which is a direct violation of the FLSA.

## II.    PARTIES TO THIS LAWSUIT

1.    Lead Plaintiff is an individual who maintains his personal residence in Orange County, Florida and worked for Reed Nissan in Orange County, Florida where the corporation's dealership is located.

2.    Lead Plaintiff and putative members of the FLSA collective are/were individuals employed as automotive mechanics and service technicians by Reed Nissan to perform traditional maintenance, repair, and warranty services for Reed Nissan customers within the last four (4) years.

3.    Lead Plaintiff and each individual that would comprise the collective action members are or were nonexempt employees that received an IRS Form W2 for all wages earned as result of employment with Reed Nissan, and all were paid on an hourly basis, and were or currently are subject to Reed Nissan's unlawful compensation program referred to generally as "piece-rate" or "flat-rate" for services performed on behalf of Reed Nissan.

4.    Lead Plaintiff and all members of the collective action were "employees" of Reed Nissan within the meaning of FLSA, 29 U.S.C. § 203(e)(1) during the requisite statutory period.

5.    Reed Nissan is a Florida corporation that maintains its principal place of business and conducts its business within the jurisdiction boundaries of this District.

6.    Reed Nissan is an authorized dealership of Nissan North America, Inc., the manufacturer, and distributor of all Nissan motor vehicles throughout the United States of America.

7.     Reed Nissan provides, in addition to selling motor vehicles manufactured by Nissan North America, a variety of maintenance and repair services to motor vehicles owned by its customers, including warranty repair work under Nissan North America's nationwide warranty repair program.

8.     Reed Nissan was and continues to be an enterprise governed by the FLSA because it is engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. 29 U.S.C. § 203(s).  Reed Nissan's annual gross volume of business exceeded $500,000.00 (exclusive of taxes) each year during the requisite statutory period.

9.     Reed Nissan was and continues to be an "employer" within the meaning of FLSA 29 U.S.C. § 203(d) because it is a corporation acting directly in the interest of its associated agents/business partners—in relation to the employees at issue—the technicians, mechanics, and maintenance servicemen.

10.     Reed Nissan is directly responsible and liable for the acts and omissions alleged throughout this pleading and is liable to compensate Lead Plaintiff and all potential members of the collective action for financial harm due to its failure to compensate them for work performed on behalf of their employer.

**III.    JURISDICTION AND VENUE**

11.    This Court has original subject jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*; such jurisdiction lies under 28 U.S.C. §§ 1331 and 1332.

12.    Venue is proper in this District under the provisions of 28 U.S.C. § 1391 because Reed Nissan maintains its principal place of business and conducts its business in this District.

**IV.    COLLECTIVE ACTION ALLEGATIONS**

13.    Reed Nissan's employee compensation program (described in more detail later this this pleading) violates the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, for failure to pay minimum wages, overtime wages, wages for for all hours worked, or any combination of the foregoing.

14.    Pursuant to 29 U.S.C. §§ 206 and 207, Lead Plaintiff and all others similarly situated, seek to prosecute their FLSA claims as a collective action on behalf of all mechanics, technicians, and/or maintenance personnel— together with Lead Plaintiff, to be collectively referred to as "*the Collective Members*"—who are or were employed by Reed Nissan at any time from June 2018 to the entry of judgement in this case (the "*Collective Period*").

15.    A collective action is appropriate in this circumstance because the Lead Plaintiff and the Collective Members are similarly situated in that 1) they were subjected to Reed Nissan's unlawful compensation program and policies that compensated them less than the federal minimum wage for all hours worked; 2) they were victim of Reed Nissan's failure to pay overtime wages; 3) they were forced to purchase large dollar amounts of tools which reduced their compensation below the requisite minimum wage; and 4) further acts of unlawful conduct described later in this pleading consistent with applicable law.

16.    Lead Plaintiff's damages are substantially similar to other individuals that could elected to part of the Collective Members because each were 1) not paid wages at or above the federal minimum wage by Reed Nissan for all hours worked; 2) were victims of Reed Nissan's unlawful compensation program; 3) were forced to purchase expensive tools without reimbursement up to the point needed to satisfy the minimum wage requirement; 4) were not paid overtime wages for any hour worked in in excess of forty hours per week; plus 5) statutory liquidated damages as provided by federal law for Reed Nissan's failure to pay minimum wage compensation as required by the FLSA.

17.    The collection of similarly situated individuals or potential collective members (i.e., the "*Collective Members*") sought to be certified under 29 U.S.C. § 216 is defined as:

All individuals that were employed by Reed Nissan during the Collective Period who were or are automobile service persons compensated under an unlawful compensation program implemented by Reed Nissan and referred to as "piece-rate" or "flat-rate", in which they performed services on behalf of Reed Nissan and were not compensated their A) statutory minimum wage for all hours worked per week during one (1) or more weeks and/or B) were not compensated time-and-a-half of their regular hourly rate for all hours worked in excess of forty (40) hours.

18.    The precise size and identity of the entire Collective Members is easily ascertainable from Reed Nissan's business records, tax records, and/or employee personnel records.

19.    Reed Nissan compensated Lead Plaintiff and the Collective Members in the same manner and under the same unlawful employee compensation program, and each has worked in Florida during the Collective Period.

20.    Lead Plaintiff and the Collective Members are owed straight time and overtime wages under the FLSA.

21.    Lead Plaintiff maintains the right to modify the Collective Member definition, create additional subclasses or classes, if necessary, and to revise these definitions to maintain cohesive classes which do not require individual inquiry to determine liability.

## V.    UNLAWFUL BUSINESS PRACTICES

22.    Reed Nissan has engaged in willful and systematic misconduct by depriving Lead Plaintiff and all Collective Members of wages they are lawfully entitled to in violation of the FLSA, including its failure to properly reimburse Collective Members for all business expenses including, without limitation, the cost to procure and maintain tools, equipment, and supplies necessary for the discharge of their duties, resulting in failure to pay minimum wages and unpaid wages.

23.    Reed Nissan willfully engages in wage compensation misconduct that denies Lead Plaintiff and Collective Members the right to be compensated for all work hours performed and benefits provided on behalf of Reed Nissan.

24.    Reed Nissan is an employer as defined under 29. U.S.C. § 203(d), that benefits financially and reputationally from the work performed by Lead Plaintiff and the Collective Members, such as the maintenance and repair on automobiles.[1]

25.    Lead Plaintiff and the Collective Members work under a payment system referred to as "piece-rate" pay or "flat-rate" pay, where employees are paid a fixed rate for each unit produced or service performed ("_flagged hours_"), regardless of the amount of time the employee spent working on the task.

---

[1] Collective members perform a specialty job integral to Reed Nissan's business given that they are responsible for servicing Nissan vehicles under manufacturer warranties.

26.    All Nissan authorized dealerships are required to comply with this payment system, which was established by Nissan North America, which is why the impact of its application affects all members of this collective action in the same manner.

27.    Under this payment system, the rate of pay per service varies by the task performed and whether the service is "warranty-paid" or "customer-paid". The rate of pay is defined directly by Nissan North America to each of its dealerships in its Products Resource Manual published by Nissan North America and updated from time to time as part of its nationwide authorized dealership compliance programs.

28.    Traditionally, this payment system was common with automotive technicians and was initially created as an incentive for their employees to work at a faster pace; in fact, it was quite lucrative for many technicians in previous years before intentionally amending its policies in order to continue compensating employees at a flat-rate or piece-rate system, while forcing them to work many hours over forty hours per week, ultimately reducing the compensation to its employees.

29.    Reed Nissan's misconduct and misuse of this payment system fails to properly compensate employees for a substantial number of hours worked in the day, including time working non-flagged hours for such tasks as training, cleaning the workshop, or prepping tools.

30.   Reed Nissan's willful misuse of the "flat-rate pay" system withholds wages owed to their technicians, thereby resulting in decreased expenses and increased profits for Reed Nissan.

31.   In comparison to other vehicle manufacturers and their respective dealerships, Reed Nissan established additional policies, causing their technicians to suffer a significant amount of unpaid wages over the past several years.

32.   For instance:

a.   Lead Plaintiff and the Collective Members, are required to perform various unpaid "non-repair" tasks, including, but not limited to cleaning, attending meetings and/or on-site/virtual trainings, traveling to offsite locations in connection with Reed Nissan's business, reviewing service orders, and completing invoices. These tasks comprise a large portion of their "worktime", for which the employees are not paid. Lead Plaintiff and Collective Members are not compensated for the hours spent conducting "non-piece-rate" or "non-flat-rate" tasks.

b.   The total amount of hours spent "on the job" by Lead Plaintiff and Collective Members are not documented as required and paystubs denote what purports to be "flagged hours" only, with no supportive information.

c.   Lead Plaintiff and Collective Members are required to purchase tools and equipment to fulfill their duties as a Reed Nissan service technician. When they purchase these tools and equipment, their weekly rate of pay falls below the required statutory minimum wage to which they are never recompensed.

> d.    When Lead Plaintiff and Collective Members purchase the tools to fulfill their duties for Reed Nissan, they are conferring a benefit onto Reed Nissan to which Reed Nissan accepts. Reed Nissan never pays the value of the benefit back to the employees, therefore retaining an unjust enrichment in the benefit conferred.

33.    Reed Nissan has also established and employed an arbitrary system where services paid by customers directly provides a significantly higher flat-rate pay-out to the Reed Nissan employee conducting the work; on the other end of the spectrum, that same work, but for a customer with a vehicle under warranty (which consists of approximately 80% of Reed Nissan's customer base/service-work as of recent years) pays a *substantially* lower flat-rate pay-out to the employee than if it were to be paid directly by a customer.

34.    There is no difference in the work being performed between "customer-paid" and "warranty-paid" work, other than the rate being paid to the employee.

> a.    For example, the flat-rate pay-out to a technician for replacing a transmission in a Nissan Sentra that is paid directly by the customer is eight (8) hours.

> b.    When the same transmission is brought in by a customer with the same vehicle, but under a warranty (either manufacturer or an extended warranty), the transmission replacement conducted by the technician will now only pay four (4) hours, with no justification for the significant discrepancy in pay.

256
257
258
259
260
261

    c.    This drastic change in the flat-rate paid to the technician is arbitrary and capricious, as there is no difference in the work performed or the time it takes to replace a transmission (for example) in a warranty-paid versus customer-paid vehicle.

262    35.   "Warranty-paid" work provides a substantially lower payout to the

263    employees than "customer-paid" work because the warranty work constitutes

264    a great majority of the service requested at Reed Nissan.

265    36.   The disparity between the amount of "warranty-paid" vs.

266    "customer-paid" work has resulted in reduced profit-margins for Reed Nissan.

267    To claw-back profits, Reed Nissan reduces the pay-out to its employees through

268    the unlawful method described herein.

269    37.   Consequently, mechanics, technicians, and maintenance

270    personnel did not and are not receiving fair compensation for all hours worked

271    while providing valuable benefits and services to Reed Nissan, for which Reed

272    Nissan receives profits. These invaluable Reed Nissan employees have

273    outstanding unpaid wages[2] owed to them.

274

---

[2] "Unpaid wages" means the difference between the wages actually paid to an employee and the wages required to be paid to the employee including all compensation for services.

38.    Reed Nissan's employee compensation program violates the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, for failure to pay minimum and/or overtime wages for all hours worked, as will be described in Counts I and II of this complaint.

39.    Lead Plaintiff and the Collective Members are routinely required to purchase, and maintain their own tools, equipment, and supplies necessary for the discharge of their duties for the direct benefit of Reed Nissan.

40.    Reed Nissan has been unjustly enriched through their conduct by failing to reimburse employees for expenses relating to these equipment purchases resulting in profit and benefit for Reed Nissan to the detriment of the employees/Class Members.

41.    Reed Nissan's failure to reimburse Lead Plaintiff and Collective Members for out-of-pocket expenses resulted in a benefit to the employer, as it decreased the employees' regular wages below the minimum wage resulting in injury to the Lead Plaintiff and Collective Member.

42.    In other words, by requiring the Lead Plaintiff and Collective Members to purchase their own tools to complete their duties, the cost of such tools purchased by the employee diminishes the overall compensation of the employee resulting in lower than minimum wage compensation.

294     43.     By requiring Lead Plaintiff and the Collective Members to
295 purchase their own tools, Reed Nissan is effectively requiring employees to
296 kick-back their wages to the employer.

297     44.     Reed Nissan's arbitrary decisions to deduct certain hours from
298 employees' wages is an incomprehensible violation of employment laws and
299 constitutes a kickback for the benefit of Reed Nissan.

300     45.     As a result of Reed Nissan's misconduct and misuse of the flat rate
301 pay system including failure to adequately compensate employees for hours
302 worked and/or overtime hours, and kickbacks, employees are not compensated
303 in accordance with the requisite minimum wage.

304     46.     Reed Nissan and its agents/representatives are aware of and
305 materially participated in the implementation of the unfair wage
306 compensation system.

307     47.     Reed Nissan employs unlawful wage compensation systems to
308 capture more profits and combat shrinking profit margins by underpaying
309 their essential technicians, mechanics, and maintenance personnel and failing
310 to pay them the wages they are legally entitled to for the skilled labor they
311 perform.

312     48.     This action represents a situation typical of class treatment.

313

314      49.    Reed Nissan's failure to pay wages for all hours worked by all

315    mechanics, technicians, and maintenance personnel employed by Reed Nissan

316    is uniform throughout its entire business operations.  These employees are also

317    similarly situated due to the application of "piece-rate" and or "flat-rate" pay.

318      50.    Determining liability for violations of the Federal Fair Labor

319    Standards Act, Code of Federal Regulations, and other laws will ensure that

320    all mechanics, technicians, and maintenance personnel of Reed Nissan are

321    fairly and legally compensated under these laws then, now, and in the future.

322    **VI.    BASIC CONDITIONS PRECEDENT ALLEGATIONS**

323      51.    Lead Plaintiffs have engaged the law firm of éclat law, PA to serve as

324    its lead trial counsel and are obligated to compensate these law firms for services

325    rendered in connection with prosecuting the Collective Members and Class

326    Members' rights as alleged herein.

327      52.    All conditions precedent to bring this action have taken place, are

328    futile, expired or were effectively waived.

329
330    

**COUNT I**
**VIOLATION OF THE FLSA - MINIMUM WAGES**

331

332      53.    Lead Plaintiff realleges and incorporates by reference the

333    allegations contained in paragraphs 1 through 52 above as if fully set forth

334    herein.

335      54.    Lead Plaintiff brings this cause of action to recover unpaid

336 minimum wages owed to Lead Plaintiff and the Collective Members pursuant

337 to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*.

338      55.    This includes failure to pay minimum wage for all hours worked

339 by the Lead Plaintiff and the Collective Members and includes reductions in

340 the employees' paychecks for the benefit of the employer in which they required

341 employees to purchase tools to perform their work without reimbursement or

342 compensation up to the statutory minimum wage.

343      56.    Lead Plaintiff and Collective Members were or continue to be

344 automobile service or maintenance employees (or former-employees) of Reed

345 Nissan —including but not limited to mechanics/technicians and maintenance

346 servicemen as described in more detail earlier in this pleading.

347      57.    Lead Plaintiff and the Collective Members consent to sue in this

348 action pursuant to 29 U.S.C. § 216(b); additional potential opt-in plaintiffs may

349 execute and file forms consenting to "opt in" and joining as plaintiffs in this

350 collective action.

351      58.    Lead Plaintiff and the Collective Members were hired by Reed

352 Nissan in Florida to perform duties as a technician on behalf of Reed Nissan

353 and for Reed Nissan's profit during the Collective Period.

354      59.    Lead Plaintiff and the Collective Members were employed by Reed

355 Nissan.

60.   Lead Plaintiff and the Collective Members were required by Reed Nissan to procure and maintain tools, equipment, and supplies necessary for the discharge of their duties, which reduced the employees' weekly wage to an amount that was below the requisite minimum wage.   These tool purchases further reduced the employees' weekly wage to an amount that was below the statutory minimum wage.

61.   By failing to pay minimum wages, Reed Nissan has violated, and continues to violate Sections 206 and 215 of the FLSA.

62.   The conduct described throughout this Complaint constitutes a willful violation of the FLSA.

63.   Reed Nissan knew that it was required to pay its employees at least the requisite minimum wage for all hours worked.

64.   Instead of lawfully paying its employees, Reed Nissan established and maintained systems, policies, and procedures that were intentionally designed to avoid paying employees their earned wages as detailed in the paragraphs above.

65.   Reed Nissan has engaged in a widespread systematic pattern, policy, and practice of violating the FLSA, as detailed throughout this Complaint. Application of these practices does/did not depend on the personal circumstances of the Lead Plaintiff or any of the Collective Members. Rather,

376    the same practices which result in the non-payment of minimum wages to Lead

377    Plaintiff and the Collective Members apply to all Collective Members.

378        66.    Lead Plaintiff and the Collective Members are/were entitled to be

379    paid at least minimum wage for all hours worked during the workweek

380    pursuant to FLSA 29 U.S.C. § 206.

381        67.    Further, when tool and equipment purchases decrease the

382    employees' weekly paycheck below the statutory minimum wage, Lead

383    Plaintiff and the Collective Members are entitled to reimbursement up to and

384    including the statutory minimum wage.

385        68.    Reed Nissan violated FLSA 29 U.S.C. § 206 by failing to pay

386    minimum wages, as described above, and caused Lead Plaintiff and the

387    Collective Members to suffer lost wages and interest thereon.

388        69.    Lead Plaintiff and the Collective Members have been required to

389    work eight (8) hours per day, and beyond, without receiving the full

390    compensation for the hours worked.

391        70.    Due to Reed Nissan's misconduct and misuse of the employee

392    compensation system, Lead Plaintiff and the Collective Members did not earn

393    wages at the minimum wage rate for all their hours worked during one or more

394    work weeks.

395

71.    Lead Plaintiff and the Collective Members were only compensated for "flagged hours", which sufficiently reduced the compensable hours included in their pay-out, effectively lowering their rate of pay in a manner which falls below the federal minimum wage rate.

72.    By way of example, on April 17, 2019, Lead Plaintiff received a paycheck stating that he worked 13 hours and was paid $416.00 (gross), but worked at least 60 hours, which is $.32 per hour below the federal minimum wage rate of $7.25 per hour for 2019. For this one week, he is owed a total of $19.20 in unpaid federal minimum wages.

73.    Reed Nissan knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wages as compensation with respect to Lead Plaintiff and the Collective Members.

74.    Reed Nissan knew that Lead Plaintiff and the Collective Members were owed compensation and that Reed Nissan was required to pay such compensation. However, Reed Nissan failed to do so.

75.    As a result of Reed Nissan's intentional, willful, and unlawful acts in refusing to pay Lead Plaintiff and the Collective Members, and those similarly situated to them, minimum wage rates per hour worked per workweek in one or more workweeks, Lead Plaintiff and the Collective

416   Members have suffered damages, and incurred reasonable attorneys' fees and
417   costs as provided in 29 U.S.C. § 216.

418       76.    As a result of Reed Nissan's willful violation of FLSA § 206, Lead
419   Plaintiff and the Collective Members are entitled to recover the full amount of
420   any unpaid back wages unlawfully withheld, plus the same amount as
421   liquidated damages as per 29 U.S.C. § 216.

422       77.    Lead Plaintiff and the Collective Members are entitled to recover
423   from Reed Nissan their unpaid minimum wages, damages for unreasonably
424   delayed payment of wages, liquidated damages or pre-judgment interests,
425   reasonable attorneys' fees, and costs and disbursements of the action pursuant
426   to 29 U.S.C. §§ 206 and 216.

427       78.    Because Reed Nissan's violations of the FLSA have been willful, a
428   three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

429       79.    Collective Members request designation of this action as a
430   collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b)
431   to all similarly situated members of an FLSA Opt-In Collective, apprising them
432   of the pendency of this action, permitting them to assert timely FLSA claims
433   in this action by filing individual Consents to Join, and appointing Plaintiffs
434   and their counsel to represent the Collective Action Members.

435

## COUNT II
### NISSAN'S VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME WAGES

80.    Lead Plaintiff reallege and incorporate by reference the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

81.    Lead Plaintiff brings this cause of action to recover unpaid overtime wages owed to them pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

82.    Lead Plaintiff and Collective Members are automobile service or maintenance employees (or former-employees) of Reed Nissan —including but not limited to mechanics/technicians and maintenance servicemen as described and defined earlier in this pleading.

83.    All other collective action plaintiffs were, always relevant to this action, adults residing in Florida. Lead Plaintiff and the Collective Members consent to sue in this action pursuant to 29 U.S.C. § 216(b); additional potential opt-in plaintiffs may execute and file forms consenting to "opt in" and joining as plaintiffs in this collective action.

84.    Lead Plaintiff and the Collective Members were hired by Reed Nissan dealerships in Florida to perform duties as a technician on behalf of Reed Nissan and for Reed Nissan's profit during the Collective Period.

85.    Lead Plaintiff and the Collective Members were employed by Reed Nissan.

459    86.    By failing to pay overtime wages, Reed Nissan has violated and
460  continues to violate the FLSA sections 207 and 215.

461    87.    The conduct described throughout this Complaint and above
462  constitutes a willful violation of the FLSA.

463    88.    Reed Nissan knew that it was required to pay its employees the
464  requisite overtime for all overtime hours worked.

465    89.    Instead of lawfully paying its employees, Reed Nissan established
466  and maintained systems, policies, and procedures that were intentionally
467  designed to avoid paying employees their earned wages as detailed in the
468  paragraphs above.

469    90.    Reed Nissan has engaged in a widespread systematic pattern,
470  policy, and practice of violating the FLSA, as detailed throughout this
471  Complaint.

472    91.    Application of these practices does/did not depend on the personal
473  circumstances of the Lead Plaintiff and the Collective Members. Rather, the
474  same practices which result in the non-payment of overtime wages to Lead
475  Plaintiff and the Collective Members apply to all Collective Action Members.

476

92.     Lead Plaintiff and the Collective Members are entitled to be paid overtime at a rate not less than one and one-half times their regular rate for all hours worked more than forty hours per week pursuant to FLSA 29 U.S.C. § 207.

93.     Reed Nissan violated the FLSA, 29 U.S.C. § 207, by failing to pay Lead Plaintiff and the Collective Members overtime wages at a rate of time and a half of their regular pay during the weeks that they worked more than forty (40) hours, as described in the paragraphs above, and caused Lead Plaintiff and the Collective Members to suffer lost wages and interest thereon.

94.     Lead Plaintiff and the Collective Members were only compensated for "flagged hours", which sufficiently reduced the compensable hours included in their pay-out. Furthermore, "flagged hours" were the only hours that were counted for purposes of determining whether Collective Members were entitled to overtime, rather than the actual hours worked by the Collective Members.

95.     Therefore, Lead Plaintiff and the Collective Members frequently worked over forty hours per week but did not receive the required overtime for every hour worked more than forty (40) hours per week, since flagged hours were the only hours that were counted for purposes of overtime.

96.     By way of example, on January 31, 2020, Lead Plaintiff received a paycheck stating that he worked 48 hours and was paid $1,536.00 (gross). He was paid at his straight rate for each of these hours. Under 29 U.S.C. § 207,

Lead Plaintiff should have been paid at a rate not less than one and one-half times the regular rate at which he is employed for every hour more than forty (40) hours, which he was not. For this one week, he is owed a total of $384 in unpaid overtime wages.

97.    Moreover, despite working more than forty (40) hours per week, Reed Nissan failed to pay Collective Members overtime compensation at the appropriate rate.

98.    Reed Nissan knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Collective Members the required overtime wages.

99.    Reed Nissan knew that Lead Plaintiff and the Collective Members were owed compensation and that Reed Nissan was required to pay such compensation. However, Reed Nissan failed to do so.

100.   As a result of Reed Nissan's intentional, willful, and unlawful acts in refusing to pay Lead Plaintiff and the Collective Members, and those similarly situated to them, overtime wage rates per hour worked per workweek in one or more workweeks, Lead Plaintiff, and the Collective Members, and those similarly situated to them, have suffered damages, and incurred reasonable attorneys' fees and costs as provided in 29 U.S.C. § 216.

101.   As a result of Reed Nissan's willful violation of FLSA § 207, Lead Plaintiff and the Collective Members are entitled to recover the full amount of any unpaid back wages unlawfully withheld, plus the same amount as liquidated damages or pre-judgement interest as per 29 U.S.C. § 216. They are further entitled to reasonable attorneys' fees, costs, and disbursements.

102.   Because Reed Nissan's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

103.   Lead Plaintiff and the Collective Members request designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join, and appointing Plaintiffs and their counsel to represent the Collective Action Members.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Lead Plaintiff and the Collective Members respectfully request that judgment be entered in their favor, against Reed Nissan, and:

a.   Certification and acknowledgement of the Collective Action and appointing the Lead Plaintiff and his trial counsel the opportunity to represent the Collective Members.

b.    Awarding Lead Plaintiff and the Collective Members his/their unpaid wages in the amount due to him/them for Lead Plaintiff and the Collective Members, time worked in each work week at minimum wage, any owed overtime wages, and any other relief provided for under law.

c.    Awarding Lead Plaintiff and the Collective Members liquidated damages as permitted by law.

d.    Awarding Lead Plaintiff and the Collective Members reasonable attorneys' fees and costs and expenses of the litigation pursuant to the FLSA.

e.    Awarding Lead Plaintiff and the Collective Members punitive damages and/or pre-judgment interest as permitted by law.

f.    Granting Lead Plaintiff and the Collective Members an Order, on an expedited basis, allowing them to send notice of this action as a collective action pursuant to 29 U.S.C. § 216(b) to those similarly situated Collective Action Members; and

g.    Granting any other further relief, the Court deems just and proper.

557

## <u>JURY TRIAL DEMANDED</u>

558    Class Members respectfully demand a trial by jury on all issues so

559 triable.

560

561                                        **éclat Law, PA**

562

563                                        Kevin K. Ross-Andino, # 66214

564                                        kevin.ross@eclatlaw.com

565                                        307 Cranes Roost Boulevard # 2010

566                                        Altamonte Springs, Florida 32701

567                                        Main Line: (407) 636-7004

568

569                                        *Lead Trial Counsel to the Plaintiffs and*

570                                        *each Class Member*

571

572

573